IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VALERIE BACA SANCHEZ,

    Plaintiff,

v.                                                                     No. 2:23-cv-0877 GJF/DLM

TODD HUDGINS and HORIZON
ATTORNEYS & COUNSELORS AT LAW PLC,

    Defendants.

## ORDER TO AMEND COMPLAINT

    THIS MATTER comes before the Court sua sponte. Plaintiff Valerie Baca Sanchez filed this action in federal court on October 6, 2022, citing diversity jurisdiction. (Doc. 1 ¶ 3.) "Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). Having considered the Complaint and the applicable law, the Court finds that the Complaint fails to allege facts necessary to sustain diversity jurisdiction.

    Federal "district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). The plaintiff, as the "party invoking diversity jurisdiction[,] bears the burden of proving its existence by a preponderance of the

evidence." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citation omitted). "[T]he plaintiff must meet the requirements of the diversity statute for each defendant or face dismissal." *U.S. for Use & Benefit of Gen. Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989)).

Here, the Complaint states that "Horizon Attorneys & Counselors at Law PLC [(Horizon)] is an Oklahoma Professional Liability Company with its principal place of business in Oklahoma." (Doc. 1 ¶ 2.) According to the Oklahoma Secretary of State's Business Entity Search results, Horizon is a "Domestic Limited Liability Company Professional." *See* Business Entity Search, Okla. Sec'y of State, https://www.sos.ok.gov/corp/corpInformation.aspx?id=3812112377 (last visited Oct. 9, 2023). For the purpose of establishing diversity jurisdiction, "[a]n LLC, as an unincorporated association, takes the citizenship of all its members." *Gerson v. Logan River Acad.*, 20 F.4th 1263, 1269 n.2 (10th Cir. 2021) (quoting *Siloam Springs Hotel*, 781 F.3d at 1234). Because Sanchez has not asserted facts regarding the citizenship of Horizon's members, she has not adequately established that the Court has subject matter jurisdiction over this lawsuit.

The Court will allow Sanchez the opportunity to remedy these defects. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *cf. De La Rosa v. Reliable, Inc.*, 113 F. Supp. 3d 1135, 1157 (D.N.M. 2015) (noting that "[t]he Tenth Circuit has allowed defendants to remedy defects in their petition or notice of removal") (gathering cases).

**THEREFORE,**

2

**IT IS ORDERED** that Sanchez shall file an amended complaint to properly allege facts sufficient to establish diversity jurisdiction, if such allegations can be made in compliance with the dictates of Federal Rule of Civil Procedure 11, no later than **October 31, 2023**.

**IT IS FURTHER ORDERED** that if Sanchez fails to comply with this order, the Court may dismiss this lawsuit for lack of jurisdiction.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE